104 F.3d 357
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Gilberto MORA, also known as Uberto Nora, also known as
Bembe; Johnny Mora, also known as FNU Nora,
Defendants-Appellants.
 Nos. 96-1351(L), 96-1366.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1996.
 
 1
 Appearing for Appellant Gilberto Mora: Michael H. Sporn, New York, New York Appearing for Appellant
 
 
 2
 Johnny Mora: Wesley M. Serra, Brown, Berne & Serra, New York, New York.
 
 
 3
 Appearing for Appellee: Patrick J. Smith, Assistant United States Attorney, Southern District of New York, New York, New York.
 
 
 4
 Present: WINTER, WALKER, Jr., Circuit Judges, WEXLER, District Judge.*
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 7
 Gilberto Mora and Johnny Mora appeal from their conviction after a jury trial before Judge Owen. The jury found them guilty on one count of conspiracy to distribute and possess with intent to distribute over 50 grams of cocaine base in violation of 21 U.S.C. § 846, two counts of distribution and possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B), and one count of distribution and possession with intent to distribute over 50 grams of cocaine base, "crack," in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). On appeal, the Moras argue that the district court should have given an instruction that an adverse inference could be drawn against the government from its failure to call one of its informants as a witness.
 
 
 8
 We find the Moras' argument meritless. First, the informant was "equally available" to both sides, see United States v. Sorrentino, 72 F.3d 294, 298 (2d Cir.1995), and United States v. Torres, 845 F.2d 1165, 1169 (2d Cir.1988), and could have been subpoenaed by the defense. Moreover, the substance of the informant's testimony did not "remain[ ] unknown" to the defense. Torres, 845 F.2d 1165. Although the informant refused to answer questions from the defense before the trial, the government turned over lengthy memoranda setting out the substance of the informant's previous statements. We therefore find no abuse of the district court's considerable discretion in this regard. Sorrentino, 72 F.3d at 298; Torres, 845 F.2d at 1170-71.
 
 
 9
 We therefore affirm.
 
 
 
 *
 The Honorable Leonard D. Wexler of the United States District Court for the Eastern District of New York, sitting by designation